IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>vs.<br><br>KATHRYN V. ERICKSON and GILMAN N. MITCHELL<br><br>    Defendants, | MEMORANDUM DECISION AND ORDER ON MOTION FOR ACQUITTAL AND MOTION FOR NEW TRIAL<br><br><br><br><br><br>Case No. 2:05-cr-521 |

    Defendants, Kathryn V. Erickson and Gilman N. Mitchell, were charged in a three-count Superseding Indictment[1] with violating 18 U.S.C. § 1503. This matter came before the Court for a jury trial on January 22, 2007, through January 26, 2007. At the close of the government's case, Defendant made a Motion for Judgment of Acquittal pursuant to Fed.R.Crim.P. 29, which was denied by the Court. The jury returned a verdict of guilty on all three counts against both Defendants. Defendants have now filed a Motion for Judgment of Acquittal and a Motion for a New Trial.[2] Additionally, Defendant Erickson has filed a pro se Motion for Dismissal, Acquittal,

---

[1]Docket No. 62.

[2]Docket No. 116.

and in the Alternative, a New Trial, alleging ineffective assistance of counsel, violation of constitutional rights, suppression of material evidence, suppression of exculpatory evidence, and suppression of impeachment evidence.[3]

## I.  MOTION FOR JUDGMENT OF ACQUITTAL

A.  STANDARD

Fed.R.Crim.P. 29(a) provides:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.  The Court may on its own consider whether the evidence is insufficient to sustain a conviction.  If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

Subsection (b) allows the Court to reserve its decision on the motion provided that the court "decide the motion on the basis of the evidence at the time the ruling was reserved."  Subsection (c) permits a Defendant to move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict.  If the Court enters a judgment of acquittal after a guilty verdict, the Court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed.[4]

B.  DISCUSSION

   *1.  Sufficiency of the Evidence*

Defendants argue that the government presented insufficient evidence to meet the elements of 18 U.S.C. § 1503.  In reviewing a sufficiency claim, the Court must "determine

---

[3]Docket No. 132.

[4]Fed.R.Crim.P. 29(d)(1).

whether 'viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt.'"[5] The Court does "not weigh conflicting evidence nor consider the credibility of witnesses."[6] Rather, the Court determines "'whether [the] evidence, if believed, would establish each element of the crime.'"[7] If the government has met this standard, the Court is to defer to the jury's verdict.[8]

The essential elements of 18 U.S.C. § 1503 are: (1) that there was a proceeding pending before a federal grand jury; (2) that the defendants knew of the pending judicial proceeding and influence, obstructed, impeded, or endeavored to influence, obstruct, impede the due administration of justice in that proceeding; and (3) that the defendants' acts were done "corruptly," that is, that the defendants acted knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice.[9] Defendants argue that the government failed to show that the acts were done "corruptly."

The Tenth Circuit has stated that the term corruptly, as used in 18 U.S.C. § 1503 "'really means unlawful.'"[10] "Thus, in the context of the obstruction of justice statute, 'an endeavor . . . to influence, obstruct or impede the due administration of justice is per se unlawful and is

---

[5] *United States v. Delgado-Uribe*, 363 F.3d 1077, 1081 (10th Cir. 2004) (quoting *United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir. 2001)).

[6] *Id*.

[7] *Id*. (quoting *Vallo*, 238 F.3d at 1247).

[8] *Vallo*, 238 F.3d at 1247.

[9] Docket No. 109, Instruction No. 19.

[10] *United States v. Bailey*, 72 F.3d 138, *3 (10th Cir. 1995) (quoting *United States v. Ogle*, 613 F.2d 233, 238 (10th Cir. 1979), *cert. denied*, 449 U.S. 825 (1980)).

tantamount to doing the act corruptly.'"[11] The jury was instructed that the government must prove beyond a reasonable doubt that "the defendants' acts were done 'corruptly,' that is, the defendants acted knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice."[12]

The evidence shows that Cheri McCurdy witnessed Defendant Erickson prepare a change order and saw Defendants Erickson and Mitchell sign that change order, which was back dated. Additionally, McCurdy discovered two other change forms that had been back dated which were included with the materials sent to the grand jury by Defendant Erickson. It is undisputed that Defendants were aware of grand jury proceedings and that these materials would be sent to the grand jury. The jury could draw a reasonable inference that the documents were created "with the specific intent to subvert or undermine the due administration of justice." Viewing the evidence in the light most favorable to the Government, there is sufficient evidence to support the jury's conclusion.

Defendants also argue, under a case from the Ninth Circuit, that an obstruction charge cannot stand unless the documents produced to a grand jury are relevant to the grand jury's investigation.[13] The grand jury investigation concerned irregularities in the contract process and the operations of the Uintah County Road Department and the Uintah County Special Services District. The subpoena requested copies of all project contracts and any other documents relative to all transactions, including those between Uintah County Special Services District and Gil

---

[11] *Id*. (quoting *Ogle*, 613 F.2d at 238).

[12] Docket No. 109, Instruction No. 19.

[13] *United States v. Ryan*, 455 F.2d 728 (9th Cir. 1971).

Mitchell. The documents requested by and produced to the grand jury fall directly within the scope of the grand jury's investigation and were relevant to that investigation. Therefore, Defendants' argument on this point fails.

   2.   *Evidence Concerning the Investigation*

Defendants argue that they should have been permitted to introduce evidence concerning the grand jury investigation. The Court specifically addressed this issue in its Order on Pending Trial-Related Motions and Issues.[14] The Court found that "most of what the government has represented that it intends to present as evidence at trial on [the investigation] issue to be irrelevant, and the Court will not allow it to be presented. Likewise, Defendant will also not be allowed to present similar extraneous evidence."[15] The Court further found that evidence concerning the investigation would be more prejudicial than probative.[16] As a result, the Court decided to "confine the admissible evidence in this case to the elements of the Superseding Indictment, and [did] not allow irrelevant evidence regarding the events leading up to the investigation or the failure of the investigation to result in charging other criminal offenses against Defendants."[17] The Court stated that it would permit the jury to be made aware of the existence of the investigation and requested the parties reach a stipulation on how to best present this evidence to the jury.

For the same reasons stated in its previous Order, the Court will deny Defendants'

---

[14]Docket No. 94.

[15]*Id.* at 4.

[16]*Id.* at 5.

[17]*Id.*

5

Motion for Judgment of Acquittal on this ground. The evidence concerning the investigation and the failure of the investigation to result in further criminal charges is irrelevant and is more prejudicial than probative under Rule 403 of the Federal Rules of Evidence.

       3.      *Comments by the Court*

Defendants argue that they did not receive a fair trial as a result of various comments made by the Court during trial. Defendants identify six incidents: (1) the Court entertaining an objection during Defendants' closing argument; (2) the Court's reference to "opening the door;" (3) the Court's comments to defense counsel about speaking slower; (4) the Court stating that defense counsel's argument during closing was inappropriate; (5) instructing the jury that counsel does not provide evidence; and (6) stating "I agree" in response to an objection.

Defendants primary argument concerns the conduct of the government and the Court during closing arguments. During Defendants' closing arguments, the Court entertained objections from the government. After one objection, the Court gave the jury an instruction that counsel does not supply evidence and that it was the jury's recollection that counts. After another objection, the Court stated "I would agree" in response to the objection and gave the jury the same instruction. After another objection, the Court stated that defense counsel's actions were "very inappropriate." Additionally, the Court advised defense counsel to speak slower during closing arguments. Defendants argue that these comments deprived them of a fair trial.

"A trial judge 'must be a disinterested and objective participant in the proceedings' and 'must not create an appearance of partiality by supporting one of the parties.'"[18] "However,

---

[18] *United States v. Deters*, 184 F.3d 1253, 1256 (10th Cir. 1999) (quoting *United States v. Logan*, 998 F.2d 1025, 1028–29 (D.C. Cir. 1993) (internal quotation marks and citation omitted)).

'[t]he adversary nature of criminal proceedings does not prohibit the trial judge from taking proper steps to aid and assist the jury in the truth finding quest leading to the proper determination of guilt or innocence.'"[19] In reviewing Defendants' claims, the Court's "task is not to 'determine whether the trial judge's conduct left something to be desired, or even whether some comments would have been better left unsaid,' but rather to 'determine whether the judge's behavior was so prejudicial that it denied [Defendants] a fair, as opposed to perfect, trial.'"[20] Thus, the Court "examine[s] the record 'to determine if jurors have been impressed with the trial judge's partiality to one side to the point that this became a factor in the[ir] determination.'"[21] Additionally, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their case, ordinarily do not support a bias or partiality challenge."[22] Further, "[n]ot establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune."[23]

Under this standard, the Court cannot find that the Court's behavior was so prejudicial that it denied Defendants a fair trial. The Courts' efforts were focused on courtroom

---

[19]*Id*. (quoting *United States v. Pinkey*, 548 F.2d 305, 308 (10th Cir. 1977)).

[20]*Id*. (quoting *Logan*, 998 F.2d at 1029) (internal quotation marks and citations omitted).

[21]*Id*. (quoting *United States v. Leslie*, 103 F.3d 1093, 1104 (2d Cir. 1997)) (internal quotation marks and citation omitted).

[22]*Liteky v. United States*, 510 U.S. 540, 555 (1994).

[23]*Id*.

administration, in particular ruling on objections raised by the parties and ensuring a proper transcript of the proceedings. The Court finds no error in the way it handled these matters. Further, the Courts comments were few and far between, and "were but minor incidents which did not affect the substantial rights of the defendant."[24] Finally, these comments did not indicate a belief in defendant's guilt.[25]

Defendants point to numerous cases where appellate courts have reversed and remanded for a new trial as a result of improper conduct on the part of the trial judge.[26] A review of these cases shows that the conduct of the Court in this case is nowhere near the level of those judges in the cases cited by Defendants in support of their motion. Defendants have not shown any bias on the part of the Court which may have influenced the jury. While it is true that interruptions during closing arguments should be approached with caution,[27] Defendants have not shown that caution was not taken by counsel or the Court. This case is more like *United States v. Rosenfeld*,[28] where "[t]he actions complained of consisted of interruptions of the defendant's closing argument and the administering of mild admonitions."[29] The Tenth Circuit held that it was not error for the court to deny the motion for mistrial and that it was "impossible to conclude

---

[24]*United States v. Welch*, 745 F.2d 614, 621 (10th Cir. 1984).

[25]*United States v. Buchanan*, 787 F.2d 477, 487 (10th Cir. 1986).

[26]*Bursten v. United States*, 395 F.2d 976, 984 (5th Cir. 1968); *United States v. Coke*, 339 F.2d 183, 185 (2d Cir. 1964); *Gudger v. United States*, 314 F.2d 268, 269 (D.C. Cir. 1962); *Peckham v. United States*, 210 F.2d 693, 702 (D.C. Cir. 1953).

[27]*United States v. Young*, 470 U.S. 1, 13 (1985).

[28]545 F.2d 98 (10th Cir. 1976).

[29]*Id*. at 103.

that this constituted error calling for a mistrial."[30]  For these reasons, Defendants' Motion for Judgment of Acquittal will be denied.

## II.  MOTION FOR NEW TRIAL

A.  STANDARD

Fed.R.Crim.P. 33(a) states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. . . ."  "In other words, if after weighing the evidence and the credibility of the witnesses, the court determines that 'the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred,' it may grant the defendant's motion."[31]  "A motion for a new trial is not regarded with favor and is only issued with great caution."[32]

B.  DISCUSSION

For the same reasons that the Court has denied Defendants' Motion for Judgment of Acquittal, the Court will deny Defendants' Motion For New Trial.  Defendants have simply not shown that their convictions were contrary to the weight of the evidence.

## III.  DEFENDANT ERICKSON'S PRO SE MOTION

Defendant Erickson has filed a pro se Motion for Dismissal, Acquittal, and in the Alternative, a New Trial.  Defendant argues that evidence was suppressed by the government in violation of *Brady v. Maryland*[33], that the Court suppressed evidence, and that her counsel was

---

[30]*Id.*

[31]*United States v. Gabaldon*, 91 F.3d 91, 93–94 (10th Cir. 1996) (quoting *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994)).

[32]*United States v. Herrera*, 481 F.3d 1266, 1269–70 (10th Cir. 2007).

[33]373 U.S. 83 (1963).

ineffective.

However, in reading Defendant's Motion and after oral argument, it is clear that Defendant is essentially attempting to retry the case. Defendant disagrees with the way her attorney and the government's attorneys handled the case and took this opportunity to present evidence that was not presented to the jury. Most of the evidence Defendant discusses concerns the investigation, which the Court has previously ruled is irrelevant and more prejudicial than probative. The Court finds no *Brady* violation and the evidence presented at oral argument is not even close to proving such a violation.

The greatest problem with Defendant's Motion is that it is untimely. Under Rule 29(c)(1), "[a] defendant may move for a judgment of acquittal, or renew such a motion, *within 7 days after a guilty verdict or after the court discharges the jury, whichever is later.*"[34] The jury returned its verdict and was discharged on January 26, 2007. Defendant's Motion was not filed until July 6, 2007, nearly six months after the jury verdict was delivered and the jury was discharged.

Under Rule 33, "[w]ith the exception of newly discovered evidence claims, a defendant's new trial motion based upon other grounds must be raised *within seven days following the verdict.*"[35] "The time limitations imposed by Rule 33 are jurisdictional in nature."[36] Again, the jury verdict was returned on January 26, 2007, and Defendant's Motion was not filed until July

---

[34] Fed.R.Crim.P. 29(c)(1) (emphasis added).

[35] *United States v. Quintanilla*, 193 F.3d 1139, 1148 (10th Cir. 1998) (emphasis added). *See also* Fed.R.Crim.P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.").

[36] *Id.*

6, 2007. While Defendant does allege that evidence was not presented to the Court and to the jury, she does not allege that this is new evidence. On the contrary, Defendant's Motion shows that she knew full well of this evidence at the time of trial. As a result, Defendant's Motion is untimely and the Court lacks jurisdiction to consider it. Therefore, Defendant Erickson's Motion will be denied.

IV.  DEFENDANTS' REQUEST FOR LEAVE TO FILE SUPPLEMENTARY MEMO

Defendants also filed a Motion Requesting Leave to File a Supplementary Memorandum.[37] Defendants contend that the government violated their due process rights by dismissing Mr. Wade Slaugh before he testified at trial. Defendants contend that Mr. Slaugh has exculpatory evidence that was not disclosed prior to trial and that the government wrongfully dismissed him in an attempt to hide that evidence. On July 22, 2007, Mr. Slaugh executed an affidavit outlining the facts known to him. Plaintiffs filed a response objecting based on the time limits previously discussed or, in the alternative, requesting an evidentiary hearing on the matter.

As to the time limits, under Rule 33, "any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty."[38] The verdict was returned on January 26, 2007, therefore this motion is well within the three-year time limit.

On October 5, 2007, the Court held an evidentiary hearing where Mr. Slaugh was examined in order to evaluate the potentially exculpatory evidence, as asserted by Defendants.

"A defendant who seeks a new trial under Rule 33 based on an alleged *Brady* violation

---

[37]Docket No. 141.

[38]Fed. R. Crim. P. 33(b)(1).

must show that (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material."[39]  Under *Brady*, evidence is material if there is a reasonable probability that if the evidence had been disclosed to the defense, the result of the proceeding would have been different.[40]

Defendants were unable to show to the Court's satisfaction that the elements under *Brady* were met.  Defendants questioned Mr. Slaugh at length regarding a written, notarized statement he made in connection with these proceedings and his experience testifying at trial.  Defendants were unable to show that the evidence at issue was suppressed or that it was material.  It is therefore

ORDERED that Defendants' Motion for Acquittal, and in the alternative, Motion for New Trial (Docket No. 116) is DENIED.  It is further

ORDERED that Defendant Erickson's pro se Motion for Dismissal, Acquittal, and in the Alternative, a New Trial (Docket No. 132) is DENIED.  It is further

ORDERED that Defendant Mitchell's Motion for Leave to File Supplemental Memorandum (Docket No. 141) is DENIED.

DATED   October 12, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[39] *U.S. v. Velarde*, 485 F.3d 553, 558 (10th Cir. 2007) (citing *U.S. v. Quintanilla*, 193 F.3d 1139, 1147 & n.10 (10th Cir. 1999) (internal quotations omitted)).

[40] *Id*.