IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br><br><br>                vs.<br><br><br>KATHRYN V. ERICKSON and GILMAN N. MITCHELL,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR A NEW TRIAL<br><br><br><br><br><br>Case No. 2:05-CR-521 TS |

This matter is before the Court on Defendants' Motion for a New Trial. For the reasons set forth below, the Court will deny the Motion.

## I. DISCUSSION

Fed.R.Crim.P. 33(a) states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. . . ." "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. . . ."[1] Defendants argue that they are entitled to a new trial based on the

---

[1]Fed.R.Crim.P. 33(b)(1).

1

government's alleged failure to disclose exculpatory information as required by *Brady v. Maryland*.[2]

"A defendant who seeks a new trial under Rule 33 based on an alleged *Brady* violation must show that '(1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material.'"[3]

Defendants argue that two pieces of evidence were suppressed by the prosecution: (1) a 1999 examination performed by Robert Foley (the "Foley Examination"); and (2) Exhibit 4-B, Uintah Special Service District, Analysis of Gravel Hauling at Hamaker Bottoms Contract ("Exhibit 4-B"). Defendants' arguments on each of these pieces of evidence contain a fatal flaw. As to the Foley Examination, this evidence is not material. As to Exhibit 4-B, Defendants cannot argue that it is new evidence because it has been in their possession.

A.     THE FOLEY EXAMINATION

"Evidence is material under *Brady* only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[4]

Defendants argue that the Foley Examination constituted exculpatory evidence which was suppressed by the government. In particular, Defendants allege that the Foley Examination would have shown that there were no improprieties in the way that hauling contracts were awarded by Uintah County or the Uintah Special Services District.

---

[2]373 U.S. 83 (1963).

[3]*United States v. Velarde*, 485 F.3d 553 (10th Cir. 2007) (quoting *United States v. Quintanilla*, 193 F.3d 1139, 1149 & n.10 (10th Cir. 1999)).

[4]*Id*. (quotation marks and citations omitted).

Defendants continue, as they have throughout this litigation, to conflate two separate and distinct issues: (1) alleged wrongdoing concerning the awarding of hauling contracts; and (2) the interference with a grand jury investigation.  It is the second issue, not the first, for which Defendants were tried and ultimately convicted.  Any information as to whether or not there were improprieties in the way that hauling contracts were awarded is irrelevant and immaterial.  This is the only issue to which the Foley Examination speaks.  Because the Foley Examination provides no information concerning the conduct for which Defendants were indicted it is irrelevant and immaterial.  Thus, Defendants have failed to meet their burden under *Brady* regarding the Foley Examination.

B.      EXHIBIT 4-B

The Tenth Circuit has held that "a defendant's independent awareness of the exculpatory evidence is critical in determining whether a *Brady* violation has occurred.  If a defendant already has a particular piece of evidence, the prosecution's disclosure of that evidence is considered cumulative, rendering the suppressed evidence immaterial."[5]

Here, Defendants' own submissions belie their assertion that they did not have access to Exhibit 4-B.  After her conviction, but prior to sentencing, Defendant Erickson discussed Exhibit 4-B in her *pro se* Motion for Acquittal[6] and submitted this very document to the Court in support of that Motion.[7]  In fact, Defendant Erickson highlighted the exact provision which Defendants now seek to use to show alleged inconsistencies between McCurdy's previous statements and her

---

[5]*Quintanilla*, 193 F.3d at 1149.

[6]Docket No. 132, at 23.

[7]See Docket No. 137.

trial testimony.  At that time, Erickson did not argue the Exhibit 4-B was newly discovered evidence.  Indeed, the Court previously found that the evidence submitted by Defendant Erickson in her *pro se* Motion was not newly discovered.[8]  From this, the Court can only conclude that Defendants were aware of Exhibit 4-B and had access to that document prior to trial.  Any disclosure from the government would have been cumulative.  Defendants cannot now claim that this is "new evidence" that would entitle them to a new trial under Rule 33.

It is therefore

ORDERED that Defendants' Motion for a New Trial (Docket Nos. 167 and 169) is DENIED.

DATED   February 4, 2008.

BY THE COURT:


TED STEWART
United States District Judge

---

[8]Docket No. 155, at 11.